United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIAM DENIS MCCANN, | Case No. 16-cv-03244-JSC |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE: MOTION TO DISMISS SECOND CAUSE OF ACTION, MOTION TO STRIKE DEFENDANT'S EXPERT REPORT** |
| DAVID JUPINA, et al., | |
| Defendants. | Re: Dkt. Nos. 49, 51, 53 |

Plaintiff William D. McCann filed this action against Defendants Dr. David Jupina and Tri Valley Orthopedics & Sports Medicine Group, Inc. for medical malpractice and fraud. Plaintiff alleges that Dr. Jupina negligently performed Plaintiff's total knee replacement, which resulted in infection; negligently failed to detect and treat the infection; and thereafter fraudulently concealed its existence. (*See* Dkt. No. 46.) The Court previously granted Defendants' motion to dismiss the fraud cause of action from the First Amended Complaint ("FAC"). (Dkt. No. 44 at 4-5.) Plaintiff has since filed the Second Amended Complaint ("SAC"), and Defendants move to dismiss the amended fraud cause of action for failure to state a claim. (Dkt. No. 49.) Also pending before the Court is Plaintiff's motion to strike Drs. Richard A. Jacobs and Steven M. Howell as expert witnesses and for an order excluding their reports. (Dkt. No. 51.) Having considered the parties' submissions, and having had the benefit of oral argument on April 27, 2017, the Court GRANTS Defendants' motion to dismiss and DENIES Plaintiff's motion to strike.

**DISCUSSION**

**I.  Motion to Dismiss Fraud Claim**

The Court discussed the complaint allegations in detail in its Order granting Defendants' motion to dismiss the fraud claim from the FAC, which the Court incorporates here in full. (Dkt.

1 No. 44 at 1-3.) The factual allegations have not changed, although the specific language of the
2 fraud claim has. The Court will not reiterate all complaint allegations, but will address the
3 changes in the specific fraud allegations where necessary.
4       As the Court explained in its Order dismissing the fraud claim from the FAC, to state a
5 claim for fraud, the plaintiff must allege: (1) a misrepresentation; (2) knowledge of falsity; (3)
6 intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar*
7 *v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996) (citation omitted). In addition, under Rule 9(b), "in
8 alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud
9 or mistake." In particular, the complaint must include specificity regarding the charged conduct,
10 including the "who, what, when, where, and how." *Reed v. Wells Fargo Bank*, No. C-11-00194-
11 JSW, 2011 WL 4802542, at *3 (N.D. Cal. Oct. 11, 2011); *see also Vess v. Ciba-Geigy Corp.*, 317
12 F.3d 1097, 1106 (9th Cir. 2003) (same).
13       In the FAC, Plaintiff alleged that Dr. Jupina misrepresented the status of Plaintiff's leg
14 infection and, in reliance on his statements, Plaintiff did not seek other medical care to treat his leg
15 causing him injury. (Dkt. No. 29 ¶¶ 19-21.) Specifically, Plaintiff alleged that "[a]t a time" when
16 Dr. Jupina "became aware, *or should have become aware*" that Plaintiff's leg was infected, he told
17 Plaintiff that his leg was not infected, and that misrepresentation "represented an intentional or
18 grossly negligent concealment" of Plaintiff's condition. (*Id.* (emphasis added).) Defendants did
19 not challenge the fraud claim for failure to plead with particularity, but instead argued that the
20 FAC described a case for medical negligence, not fraud. (Dkt. No. 44 at 4.) The Court noted that,
21 while generally a physician's misrepresentations sound in medical malpractice, California courts
22 have held that "more egregious" cases involving a physician's misrepresentations "can be tried on
23 either a fraud or negligence theory, depending on the defendant's state of mind: whether he
24 intentionally or negligently misled the plaintiff." *Nelson v. Gaunt*, 125 Cal. App. 3d 623, 635
25 (1981). Applying that concept to Plaintiff's claim, the Court explained that a "fraud claim lies
26 only to the extent that Dr. Jupina actually knew the leg was infected and intentionally
27 misrepresented that fact to Plaintiff." (Dkt. No. 44 at 5 (citing *Lazar*, 12 Cal. 4th at 638 and
28 Nelson,125 Cal. App. 3d at 635).) The Court dismissed the FAC fraud claim, stating that Plaintiff

2

"cannot state a fraudulent misrepresentation claim based on the allegations that Dr. Jupina told him his leg was infected when he *should have known* it was not and that he was grossly negligent in his misrepresentation." (Dkt. No. 44 at 4-5 (footnote omitted).)

In the SAC, Plaintiff now alleges that "[a]t a time between October 13th, 2014 and July 8, 2015, [Dr. Jupina] became aware that Plaintiff's leg was infected" but never informed Plaintiff of the infection. (Dkt. No. 46 ¶ 19.) Although Dr. Jupina was aware of Plaintiff's symptoms— including swelling, pain, wound oozing and dysfunction in the right leg—Dr. Jupina "intentionally, actively, and knowing[ly] concealed the fact that he knew the leg was infected; instead, he represented that the symptoms were the result of an unusually 'rapid build-up of scar tissue' because of the 'propensity of Plaintiff's body to build up such scar tissue.'" (*Id.* ¶ 20.) Plaintiff further alleges that Dr. Jupina's misrepresentation that Plaintiff's "pre-existing condition (his body's purported tendency to build up scar tissue more rapidly than other human beings)" was the cause of his knee symptoms was a knowing and intentional attempt to "cover[ ] up the fact that [Dr. Jupina's] surgery on Plaintiff's right leg had resulted in an infection."[1] (*Id.*)

Defendants move to dismiss the SAC's fraud claim on the grounds that Plaintiff fails to allege any facts that would demonstrate how Dr. Jupina knew Plaintiff's leg was infected. (Dkt. No. 49 at 4-5.) In other words, Defendants argue that there are no facts that give rise to a plausible inference that Dr. Jupina intentionally misrepresented to Plaintiff that his leg was not infected—or, in the context of concealment, that he intentionally concealed the infection from Plaintiff— because there are no facts that plausibly establish that he knew it was infected. (*See* Dkt. No. 49 at 4.)

---

[1] In considering whether the SAC states a claim for fraud, the Court does not consider the portions of Dr. Jupina's deposition that Defendants submitted in support of their motion to dismiss, as normally the Court cannot consider materials outside of the pleadings without converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramirez v. United Airlines, Inc.*, 416 F. Supp. 2d 792, 795 (N.D. Cal. 2005). Dr. Jupina's declaration testimony is not alleged in the complaint or essential to Plaintiff's claims or otherwise subject to judicial notice. Plaintiff filed a motion to strike this deposition testimony. (Dkt. No. 53.) His motion is really an evidentiary objection. Contrary to Plaintiff's assertion that Defendant's inclusion of this evidence required him to file a motion to strike (*see* Dkt. No. 54 at 2), the Local Rules direct parties to include any evidentiary objections in the body of their motion rather than addressing such matters in a separate filing. *See* Civ. L.R. 7-3(a). The Court construes the motion to strike as an evidentiary objection and, so construed, sustains the objection.

Plaintiff alleges that Dr. Jupina and his partner were aware of Plaintiff's symptoms and, thus, aware that his knee was infected. (Dkt. No. 46 ¶ 20.) He further alleges that Dr. Jupina made up the scar tissue story to hide the truth about the infection. (Dkt. No. 46 ¶ 20.) This is enough to give rise to a plausible inference that the misrepresentation was knowing and intentional. Defendants argue that Dr. Jupina's knowledge of Plaintiff's symptoms only lead to "the inference that a good doctor would have recognized an infection" (Dkt. No. 49 at 4), which sounds in negligence and not fraud. But here, Plaintiff's allegations go a step further. Drawing all inferences in his favor, the SAC adequately alleges that Dr. Jupina knew the leg was infected and took the "more egregious" step of not only concealing the infection from Plaintiff but creating a cover story about scar tissue. Thus, the Court declines to dismiss the fraud claim for failure to plausibly establish that Dr. Jupina knew Plaintiff's leg was infected.

Next, Defendants move to dismiss on the grounds that Plaintiff fails to plead with particularity when the alleged misrepresentation occurred. (Dkt. No. 49 at 2-3.) Plaintiff alleges a nine-month time range for when the misrepresentation occurred. (*See* Dkt. No. 46 ¶¶ 19-20.) A plaintiff can meet Rule 9(b)'s particularity requirement by alleging a narrow range of possible dates on which the misrepresentation occurred. *See, e.g.*, *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1057 n.63 (C.D. Cal. 2015) (one-month time period was sufficient to plead the "when" of a fraudulent misrepresentation) (citations omitted); *Interserve, Inc. v. Fusion Garage PTE Ltd.*, No. C-095812-RS-PSG, 2011 WL 500497, at *3 (N.D. Cal. Feb. 9, 2011) (denying a motion to dismiss where allegations concerning "the purported fraud [were] limited to a narrow window of time"); *see also United States v. Hempfling*, No. CV 05-00594-OWW-SMS, 2005 WL 2334713, at *6 (E.D. Cal. Sept. 23, 2005) ("While Rule 9(b)'s particularity requirement is not as stringently applied where fraud is alleged to have occurred over a longer period of time, Plaintiff's complaint lacks even a range of dates during which [defendant] held his seminars, posted information on his website, and sold his products."). But courts have held that a nine-month window is not sufficiently narrow to satisfy Rule 9(b). *See, e.g.*, *In re NJOY, Inc. Consumer Class Action Litig.*, No. CV 14-00428 MMM(JEMx), 2015 WL 12732461, at *13 (C.D. Cal. May 27, 2015) (citations omitted); *Franco v. U.S. Bank N.A.*, No. SA 14 CV 636 XR, 2014

4

WL 6090647, at *3 (W.D. Tex. Nov. 13, 2014) ("The amended complaint also fails to allege when the statements by Ocwen or Briseno were made except mentioning 'October,' 'mid-April of 2014' and generally alleging the fraud took place over the course of nine months, which is insufficient to support a fraud claim under Rule 9(b)."); *Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 598 (S.D. Ind. 2000) ("[Plaintiff] cannot expect simply to rest on its broad assertion that the fraud occurred over a period of six months."). Plaintiff does not identify the "when" of the misrepresentation even in his opposition to Defendants' motion, instead emphasizing the same date range. (*See* Dkt. No. 54 at 3 (citing Dkt. No. 46 ¶ 19).) This nine-month window is too broad to satisfy Rule 9(b). Put simply, Plaintiff has not narrowed the range of possible dates on which a purported misrepresentation occurred or indicated how many times Dr. Jupina made such misrepresentations.

In his opposition, Plaintiff contends that he is not bringing suit challenging Dr. Jupina's misrepresentation—which the Court assumes is the statement about scar tissue build-up causing the injury—but rather the doctor's fraudulent concealment of Plaintiff's infection. (*See* Dkt. No. 54 at 2 ("The misrepresentation in this case is a concealment[.]") (citation omitted).[2]) To state a claim for fraud based on concealment, the plaintiff must allege facts that plausibly establish the following elements: (1) the defendant concealed or suppressed a material fact, (2) the defendant had a duty to disclose the fact to the plaintiff, (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage. *Bigler-Engler v. Breg*, 7 Cal. App. 5th 276, 310-11 (2017) (quotation marks and citation omitted). A duty to disclose exists in the context of a doctor-patient relationship. *See id.* at 311 (citation omitted). But Rule 9(b)'s particularity requirement still applies, and the nine-month window

---

[2] Plaintiff cites *Bigler-Engler v. Breg*, 4 Cal. App. 5th 1031 (2016) for the proposition that concealment of a plaintiff's condition in a medical malpractice case is an actionable fraudulent misrepresentation. (Dkt. No. 54 at 2.) That *Bigler-Engler* decision was vacated on other grounds. *See Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276 (2017). The Court refers to the subsequent *Bigler-Engler* decision in this Order.

5

1 alleged here is too broad. The Court will grant Plaintiff another opportunity to amend if he can
2 plead with particularity the date or dates on which Dr. Jupina misrepresented or concealed
3 Plaintiff's knee infection.

### II. Motion to Strike Expert Reports

Plaintiff has filed a motion "to strike Richard A. Jacobs, M.D. and Stephen A. Howell, M.D. as expert witnesses, and for an order excluding their 'reports'" under Rules 12(f) and 37. (Dkt. No. 51.)

Rule 26(a)(2)(B) governs expert disclosures and provides that, "[u]nless stipulated or ordered by the court, [the disclosure of the identity of witnesses pursuant to Rule 26(a)(2)(A)] must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The written report must include, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them[.]" *Id.* "Rule 37(c)(1) gives teeth to [this expert disclosure requirement] by forbidding the use at trial [or in a motion] of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). However, the exclusion remedy does not apply if the failure to comply with Rule 26(a)(2)(B)'s disclosure requirements was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The gravamen of Plaintiff's motion is that the Rule 26(a)(2)(B) reports Defendants disclosed for Drs. Jacobs and Howell on the expert disclosure deadline were insufficient because they did not include the doctors' opinions and the basis and reasons for them or the facts and data they considered in forming their opinions, and that this shortcoming prejudiced Plaintiff because he was unable to prepare his expert witness, Michael Ries, M.D., to testify about the reports during his deposition, which occurred the day of the disclosures deadline. (*See* Dkt. No. 51-1 at 1.) Defendants concede that the reports they disclosed for Drs. Jacobs and Howell were preliminary in nature. (*See* Dkt. No. 56 at 1-2.) But they contend that the reports were incomplete

because deposition transcripts of several key witnesses were not yet available by the disclosure deadline. (*Id.*) But Defendants could have requested an extension of the expert witness disclosure deadline, so the delay was not substantially justified. *See, e.g.*, *CBC Fin. ,Inc. v. Am. Safety Indem. Co.*, No. 2:04-cv-00547-DAE-GWF, 2006 WL 5242379, at *6 (D. Nev. June 30, 2006) (noting that "there may have been some necessary delay in [the expert's] ability to prepare his report until relevant depositions and other discovery was taken" but concluding that the delay was not "substantially justified" because the plaintiff "did not request a further extension of the expert witness disclosure deadline"). However, Defendants have since disclosed the doctors' complete expert reports and expert discovery is ongoing. (Dkt. No. 58.) Thus, there is no prejudice to Plaintiff in the delayed disclosures—certainly not enough to exclude Defendants' experts from testifying at trial, as Plaintiff requests.

Plaintiff's arguments to the contrary are unavailing. Plaintiff contends that he is prejudiced because he was not able to prepare Dr. Ries to opine about the other doctors' expert reports during his deposition, putting him at a tactical disadvantage. (*See* Dkt. No. 51-1 at 2; *see also* Dkt. No. 57 at 4.) But Defendants noticed Dr. Ries's deposition as a percipient witness, not an expert. (Dkt. No. 56-1 ¶¶ 3, 6.) Now that Plaintiff has disclosed Dr. Ries as an expert, Defendants may depose Dr. Ries in that capacity, and Plaintiff will have plenty of time to prepare him using recently-disclosed expert reports of Drs. Jacobs and Howell. While it might have been more efficient to depose Dr. Ries once in both capacities, the parties did not arrange that.

The cases Plaintiff cites do not support his position. In *Torres v. City of Los Angeles*, 548 F.3d 1197 (9th Cir. 2008) the Ninth Circuit held that the district court abused its discretion by denying the plaintiff's motion in limine to exclude the testimony of the defendants' expert witnesses because those witnesses had failed to provide any written expert report. *Id.* at 1212. But *Torres* involved expert witnesses who had not provided any disclosures at all by the time of trial. Here, Defendants have provided reports, so the harsh remedy of exclusion is not warranted. Plaintiff also contends that a district court in Oklahoma recently granted a motion to strike expert reports under similar circumstances, but he provides no case name or citation. At oral argument, but not in his motion, Plaintiff sought monetary sanctions for having to bring the motion to strike.

7

But Plaintiff did not have to bring the motion. When Plaintiff received the inadequate disclosures the proper next step was to meet and confer with Defendants; instead, Plaintiff chose to immediately bring a motion to strike.

As Defendants' delay in providing complete expert reports was substantially justified and did not prejudice Plaintiff, the Court DENIES Plaintiff's motion to strike.

## CONCLUSION

For the reasons described above, the Court GRANTS Defendants' motion to dismiss the fraud claim with leave to amend and DENIES Plaintiff's motion to strike and exclude expert reports. Plaintiff shall file his amended complaint within 20 days of this Order.

This Order disposes of Docket Numbers 49, 53, and 56.

**IT IS SO ORDERED.**

Dated: April 27, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge