UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DENIS MCCANN,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID JUPINA, et al.,<br><br>    Defendants. | Case No. 16-cv-03244-JSC<br><br>**FURTHER PRETRIAL ORDER RE PLAINTIFF'S MOTION IN LIMINE NO. 1**<br><br>RE: Dkts. No. 90, 99 |

The Court held a telephone hearing on October 27, 2017 regarding two matters. As stated on the record the Court rules as sets forth below.

1. As Defendants agreed, they shall provide Plaintiff with copies of the deposition excerpts they intend to read at trial. To the extent Plaintiff wishes to review the entire transcript, Plaintiff may order the transcript from the Court reporter as every other litigant in California does. *See* Cal. Code. Civ. Pro. § 2025.510(c); *Las Canoas Company v. Kramer*, 216 Cal.App.4th 96, 100 (2013).

2. Plaintiff's motion in limine to exclude admission of his 2005 conviction is GRANTED. Federal Rule of Evidence 609 governs the admissibility of a prior conviction for impeachment purposes. Defendants bear the burden of proving the conviction's admissibility under this Rule. *See Untied States v. Portillo*, 633 F.2d 1313, 1323 (9th Cir. 1980). They have not met their burden.

Federal Rule of Evidence 609(a)(2) provides that evidence attacking a witness's character for truthfulness by evidence of a criminal conviction must be admitted if the court can readily determine that establishing the elements of the crime required proving or the witness admitting a dishonest act or false statement. Federal Rule of Evidence 609(b) provides that if more than 10

years have passed since the witness's conviction or release from confinement for it, whichever is later, evidence of the conviction is admissible only if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b). It is undisputed that Plaintiff was convicted in 2005 and Defendants have not established that Plaintiff was released from confinement less than ten years ago. Thus, Rule 609(b) applies. The Court declines to admit the conviction under this Rule.

First, Defendants did not give Plaintiff reasonable written notice of their intent to use the conviction at trial. To the contrary, Plaintiff raised the issue at the pretrial conference. And when the Court expressed frustration that the conviction was being raised orally for the first time at that late date, Defendants insisted that because the conviction was impeachment evidence, they did not have to disclose their intent to use. Defendants were wrong. *See* Fed. R. Evid. 609(b)(2) (to attack a witness's character for truthfulness by evidence of a criminal conviction "the proponent gives an adverse party reasonable written notice of the intent to use it").

Second, the conviction's probative value does not "substantially outweigh" its prejudicial effect. In *United States v. Cook*, 608 F.2d 1175, 1185 n. 8 (9th Cir. 1971), the Ninth Circuit "outlined five factors which a district court should consider in balancing the probative value of evidence of a defendant's prior convictions against that evidence's prejudicial effect: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility." Generally, the decision of whether to admit evidence of a prior conviction under Rule 609 is a matter of the trial court's discretion. *United States v. Perkins,* 937 F.2d 1397, 1406 (9th Cir. 1991).

Four factors weigh against admitting Plaintiff's conviction. Eleven years lapsed between Plaintiff's conviction in 2005 and Plaintiff's filing of this suit in 2016. While the Ninth Circuit

1  has not drawn a bright line as to the age upon which a prior conviction is impermissible for
2  impeachment purposes, *see United States v. Spillone,* 879 F.2d 514, 519 (9th Cir. 1989),
3  Defendant has not cited a single case in which the Ninth Circuit has permitted a tax evasion
4  conviction of similar age to be used to impeach a defendant. Nor can the Court find any.

The third factor also weighs against admitting the conviction. There is no similarity between tax evasion and bringing a claim for medical negligence. The fact Plaintiff made misrepresentations on his tax forms has no bearing on the fact that Plaintiff had knee surgery and alleges that Dr. Jupina negligently failed to identify the infection which necessarily led to a second surgery.

Nor is Plaintiff's testimony or credibility of great importance. It is undisputed that Plaintiff's knee was infected. Whether Dr. Jupina was negligent in identifying this infection is not dependent upon Plaintiff's veracity. It is primarily Dr. Jupina's testimony and the testimony of expert witnesses that will aid a fact finder in evaluating the central issue in the case - what standard of care Dr. Jupina owed Plaintiff and whether Dr. Jupina breached his duty in providing that care.

Only factor one, the impeachment value of tax evasion - a crime that undeniably concerns a dishonest act or false statement - weighs in favor of admitting the conviction. However, in light of the four other factors, the Court concludes that Defendants have not met their burden to show the conviction's probative value substantially outweighs its prejudicial effect. Accordingly, the Court GRANTS Plaintiff's motion in limine one.

This Order disposes of Docket Nos. 90, and 99.

**IT IS SO ORDERED.**

Dated: October 30, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge