UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MCCANN, <br><br>    Plaintiff, <br><br>        v. <br><br> DAVID JUPINA, M.D., et al., <br><br>    Defendants. | Case No. 16-3244 JSC <br><br> **ORDER DENYING PLAINTIFF'S POST-TRIAL MOTIONS** <br><br> Re: Dkt. Nos. 142, 143, 146, 147 |

Following a one week trial, a jury found in favor of Plaintiff William McCann on his state law medical negligence claim and awarded damages in the amount of $27,500. (Dkt. No. 135.) The Court entered judgment that same day, November 16, 2017. (Dkt. No. 136.) Plaintiff, as the prevailing party, filed a timely Bill of Costs. (Dkt. No. 140.) The Bill of Costs, however, sought $280,000 in attorneys' fees and other costs not recoverable pursuant to Federal Rule of Civil Procedure 54. Accordingly, on December 7, 2017 the Court denied Plaintiff's Bill of Costs without prejudice. (Dkt. No. 141.)

The same day the Court rejected the Bill of Costs seeking attorneys' fees and other unrecoverable costs, Plaintiff filed two motions for attorneys' fees and costs. (Dkt. Nos. 142, 143.) The next day Plaintiff himself filed a motion for fees should the Court deny the motions for fees filed the previous day. (Dkt. No. 146.) Finally, on December 13, 2017, Plaintiff filed a motion for a new trial. (Dkt. No. 147.) Those motions are now fully briefed. After carefully considering the parties' submissions, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES the motions.

**I.    Plaintiff's Motion for a New Trial (Dkt. No. 147)**

Plaintiff moves pursuant to Federal Rule of Civil Procedure 59 for a new trial on two

grounds. First, he contends that the jury's award of $15,000 dollars for non-economic damages was against the clear weight of the evidence. *See Moliski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Second, he contends the Court erred by refusing to instruct the jury regarding recklessness. Neither argument is persuasive.

The jury's award of $15,000 dollars in non-economic damages was not against the clear weight of the evidence. Plaintiff contends that at a minimum the jury had to have found that Dr. Jupina's negligence caused Plaintiff pain and suffering from February through August 2015. But, even if so, he does not explain why the jury's award of $15,000 dollars is so inadequate that the Court should grant a new trial. Plaintiff's reliance on a jury verdict in another case is insufficient. As Plaintiff himself notes, there the plaintiff was required to undergo two subsequent operations. Here, in contrast, while Plaintiff underwent two subsequent operations, there was ample evidence at trial that both operations would have been required regardless of any negligence and the jury's verdict certainly suggests that is what they found. Plaintiff's insistence that he should be compensated for the additional surgeries ignores that whether any negligence caused the surgeries was a disputed issue at trial, an issue on which the jury apparently found for Defendants. That finding was not against the clear weight of the evidence.

The cases upon which Plaintiff relies do not support his position. *Gaita v. Capistrano Unified School District*, 2015 WL 872205 (Cal. Ct. App. Feb. 27, 2015), is not published and therefore not citable. *See* Cal. Rules of Court 8.1115(a). In any event, there the jury awarded *no* pain and suffering damages despite finding the plaintiff would incur approximately $16,000 in future medical costs. Similarly, in *Dodson v. J Pacific Inc.*, 154 Cal. App. 4th 931 (2007), the jury again awarded no damages for pain and suffering despite awarding $16,000 in economic damages. Here, in contrast, the jury awarded Plaintiff medical expenses in the amount of $12,300 and pain and suffering damages in the amount of $15,000—more than the medical expenses awarded. This amount was not against the great weight of the evidence and the Court declines to grant a new trial.

Plaintiff's next argument, that the Court erred by not instructing the jury on recklessness, is rejected for the reasons stated by the Court on the record.

2

Accordingly, Plaintiff's motion for a new trial is DENIED.

## II. Plaintiff's Motions for Attorneys' Fees (Dkt. Nos. 142, 143, 146)

### A. Rule 37(c)

Federal Rule of Civil Procedure 37(c) reads:

> If a party fails to admit ... the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves ... the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (4) there was other good reason for the failure to admit.

"The Rule mandates an award of expenses unless an exception applies." *Marchand v. Mercy Med. Ctr.,* 22 F.3d 933, 936 (9th Cir. 1994). If an admission was improperly denied, the proponent may recover "the reasonable expenses incurred in making that proof." Fed. R. Civ. P. 37(c); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 581 (9th Cir. 1992) (holding that the expenses awardable under 37(c) are only those that flow from the opposing party's failure to properly responds to the request for admission).

Plaintiff's Rule 37(c) motion fails at the outset because he has made no effort to identify expenses that flowed from any improperly denied Request for Admission. Instead, he simply attaches his counsel's time records for the entire case. For this reason alone his Rule 37(c) motion is denied.

The Court will nonetheless review each challenged Request for Admission.

#### 1. Request No. 7: Admit that between October 20, 2014 through July 8, 2015 You did not request x-rays of Plaintiff's Right Knee purportedly taken by Thomas Vail, M.D.

Plaintiff does not identify any evidence that Dr. Vail took x-rays; thus, he has failed to show that Request No. 7 was improperly denied. He also does not explain how this fact was of substantial importance.

**2. Request No. 9: Admit that the results of the Plaintiff's blood tests ordered by Dr. Stine were available to You on or about June 16, 2015**.

Plaintiff again does not identify any evidence that proves that Dr. Jupina was aware of the blood test results on June 16, 2015. Further, the Request was not denied; instead, Dr. Jupina responded that based on information available at the time, he could not admit nor deny. Plaintiff does identify any evidence that was available to Dr. Jupina at the time that required him to admit the Request. And, even if so, Plaintiff also does explain how this fact was of substantial importance.

**3. Request No. 10: Admit that following Plaintiff's June 15, 2015 visit, Dr. Stine advised You of his recommendation that Plaintiff undergo an aspiration of the Right Knee.**

Again, Plaintiff does not identify the evidence that proves this fact, and in particular, that Dr. Stine recommended to Dr. Jupina that Plaintiff undergo an aspiration; accordingly, the Court cannot find that it was improperly denied.

**4. Request No. 11: Admit that following Plaintiff's June 15 2015 visit, Dr. Stine advised You of his recommendation that Plaintiff have repeat x-rays of the Right Knee.**

Dr. Jupina admitted that he reviewed Dr. Stine's June 15, 2015 note; Plaintiff does not identify any facts that prove more than the fact admitted. Accordingly, the Court cannot find that the remainder of the Request was improperly denied.

**5. Request No. 14: Admit that You performed an aspiration of Plaintiff's Right Knee on June 25, 2015 to detect the presence of infection.**

Dr. Jupina admitted that he performed a right knee aspiration on June 25, 2015 but otherwise denied the Request. For this Request Plaintiff does identify evidence in support of his contention that Dr. Jupina's denial was improper; namely, Dr. Jupina's deposition testimony. However, the testimony does not show that the Request was improperly denied; instead, Dr. Jupina testified that he performed the aspiration to "rule out the presence of deep infection" (Dkt. No. 142-3 at 7-8), whereas the Request asked him to admit that he performed the aspiration *to*

4

*detect* an infection. Plaintiff's Request would have required Dr. Jupina to admit that he believed there was an infection and that the aspiration was performed to confirm that belief; this fact has not been proved. This Request was not improperly denied.

**6. Request No. 16: Admit that you were aware on or about June 25, 2015 that data obtained from the aspiration procedure on Plaintiff's right knee was incomplete.**

Again, Plaintiff does not identify the evidence that supposedly proves Dr. Jupina's June 25, 2015 state of mind; accordingly, the Court cannot find that this Request was improperly denied.

**7. Request No. 19: Admit that you caused an email to be sent to Plaintiff on July 8, 2015 advising Plaintiff that there was no infection.**

This Request required Dr. Jupina to admit, in effect, that he directed his assistant to advise Plaintiff that he did not have an infection. This fact was not proved and thus the Court cannot find that the Request was improperly denied.

Accordingly, Plaintiff's request for an award of attorneys' fees pursuant to Federal Rule of Civil Procedure 37(c) is DENIED.

### B. Federal Common Law

Without citing any caselaw, Plaintiff contends that the Court should sanction Defendants pursuant to federal common law. Plaintiff's motion is denied. Defendants did not engage in any conduct warranting sanctions.

### C. Equal Access to Justice Act

This request is frivolous and thus denied.

### D. Private Attorney General Doctrine

This request, too, is frivolous and thus denied.

### E. Expert Witness Costs

It is unclear from Plaintiff's brief whether he is seeking recovery of his expert witness's fees as part of the attorneys' fees and costs sought in his motion. Plaintiff's right to recover certain witness costs must be addressed in connection with his cost bill. *See* N.D. Cal. Civ. L.R. 54-3(e) ("Witness Expenses. Per diem, subsistence and mileage payments for witnesses are

allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821. No other witness expenses, including fees for expert witnesses, are allowable.").

**F. Rule 11**

Plaintiff's motion for Rule 11 sanctions ignores the Rule which it purports to be enforcing. Rule 11 required Plaintiff to serve his Rule 11 motion on Defendants with a demand for retraction of the allegedly offending allegations in their pleadings and then allow Defendants least 21 days to retract the pleading(s) before Plaintiff filed the motion with the court. *See* Fed. R. Civ. P. 11(c)(1)(A); *Radcliffe v. Rainbow Const. Co*., 254 F.3d 772, 788–89 (9th Cir. 2001). Plaintiff admits that he did not do so. His failure to do so is unsurprising given that a second, fatal flaw in his motion is that he is not challenging any particular pleading filed by Defendants; thus, there would have been nothing to retract. *See* Fed. R. Civ. P. 11(b). (Dkt. No. 143 at 5-7 (listing the allegedly sanctionable conduct).)

In Plaintiff's reply he focuses on pleadings filed in connection with one of Plaintiff's motions in limine. But if Plaintiff believed that any of those pleadings did not comply with Rule 11, he was still required to give Defendants an opportunity to retract the pleading before filing the motion. *See Radcliffe v. Rainbow Const. Co*., 254 F.3d at 788. Further, Plaintiff's more narrow focus in his reply is inconsistent with his motion which seeks all of his attorneys' fees incurred in this action. This request is wholly disproportionate to the challenged conduct, especially since Plaintiff was given the opportunity to contest the admissibility of his conviction as character evidence and the Court excluded the conviction. *See* Fed. R. Civ. P. 11(c)(4). The motion for Rule 11 sanctions is DENIED.

However, because Plaintiff's motion so blatantly violates Rule 11's requirements, Plaintiff's counsel is ordered to show cause why she should not be required to pay Defendants' attorneys' fees incurred in filing an opposition to Plaintiff's Rule 11 motion. *See* Fed. R. Civ. P. 11(c)(3). Defendants incurred $770.00 in opposing the motion. (Dkt. No. 148-1.) Plaintiff's counsel's response to the show cause order shall be filed on or before January 29, 2018. The Court will take the matter under submission at that time.

//

6

### G. Plaintiff's Motion for Fees

As Plaintiff has not established any basis for an award of fees and costs, his motion is DENIED.

This Order disposes of Docket Nos. 142, 143, 144, 147.

**IT IS SO ORDERED.**

Dated: January 22, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge